UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| JACKIE GROSS, | : C. A. No.  3-05CV1251-N |
| MORGAN SPAULDING, INC., | : |
| TELVEST COMMUNICATIONS, LLC, and | : |
| JOHN FLANDERS, | : |
| | : |
| Defendants. | : |

**JUDGMENT OF PERMANENT INJUNCTION
AND OTHER RELIEF AS TO DEFENDANT JACKIE GROSS**

Plaintiff Securities and Exchange Commission, having filed a Complaint, and Defendant Jackie Gross ("Gross") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief as to Defendant Jackie Gross without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment;

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Gross, Gross's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;     or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Gross, Gross's agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Gross shall pay disgorgement of $1.2 million, representing profits gained as a result of the conduct alleged in the Commission's Complaint, together with prejudgment interest of $137,519, for a total of $1,337,519.  With respect to the amount of disgorgement and prejudgment interest ordered pursuant to this Paragraph, Gross shall be jointly and severally liable with defendant Telvest Communications, LLC for the total amount.  The maximum amount of disgorgement and prejudgment interest for which Gross shall be liable in this case is $1,337, 519.  The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment.  In response to any civil contempt motion by the Commission, the defendant may assert any legally permissible defense, including a demonstration that compliance with the Court's order is impossible as a consequence of the defendant's financial condition and that such condition was not self-created as a means of

avoiding compliance with the Court's order.  The Commission may take discovery limited to the issue of defendant's financial condition at any time if the defendant fails to make all payments required by this Final Judgment, including post-judgment interest.

Gross shall satisfy this obligation by paying $1,337,519.00 within ten days following entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Gross as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. Gross shall simultaneously transmit photocopies of such payment and letter to Charles D. Stodghill, the Commission's counsel in this action, at U.S. Securities and Exchange Commission, Division of Enforcement, 100 F Street, NE, Washington, DC 20459-4010.  By making this payment, Gross relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Gross.  The Clerk shall deposit the funds in an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income thereon (collectively, the "Fund") shall be held by the Court's interest bearing account or CRIS until further order of the Court.  In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.  The Commission may propose a plan to distribute the Fund subject to the Court's approval.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Gross shall pay a civil penalty in the amount of $186,000.00 pursuant to Section 20(d)(2) of the Securities Act [15 U.S.C. § 77t(d)(2)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Gross shall satisfy this obligation by paying $186,000.00 within ten (10) business days after entry of this Final Judgment. Payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Clerk of the Court. These funds, together with any interest and income thereon (collectively, the "Fund") shall be held by the Court's interest bearing account or CRIS until further order of the Court. Gross shall simultaneously transmit photocopies of such payment and letter to Charles D. Stodghill, the Commission's counsel in this action, at U.S. Securities and Exchange Commission, Division of Enforcement, 100 F Street, NE, Washington, DC 20459-4010. Gross shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any Order to pay disgorgement, prejudgment interest, or civil penalties is given preclusive effect in any bankruptcy case filed by or against Gross. Solely for the purpose of such bankruptcy proceedings, such Order establishes all the factual elements necessary to enable a court to make a finding that it is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

VI.

It Is Further Ordered, Adjudged, And Decreed that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Gross shall comply with all of the undertakings and agreements set forth therein.

VII.

It Is Further Ordered, Adjudged, And Decreed that this Court shall retain jurisdiction of this matter for all purposes, including the implementation and enforcement of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Signed January 26, 2007.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE